JULIUS   DIEL,   Respondent,   v.   CITY   OF
FERGUSON, Appellant.

St. Louis Court of Appeals.   Argued and Submitted May 5, 1911.
Opinion Filed June 6, 1911.

1. **VERDICTS: Form.** A verdict, in an action against a city for injuries from a defect in a sidewalk, that, "We the jury . . . find for the plaintiff, and assess his damages in the sum of three hundred and fifty dollars. One hundred dol for doctor's fee; fifty dol for medison expense, or a total sum of five hundred dollars," is sufficiently definite and certain in form.

2. **DAMAGES: Personal Injuries: Excessive Verdict.** A verdict for $500; in an action against a city for injuries resulting from a defect in a sidewalk, $150 of which was allowed for the medical expenses to which plaintiff had been put, is *held* not to be excessive.

3. **MUNICIPAL CORPORATIONS: Injury to Pedestrian from Defective Sidewalk: Sufficiency of Evidence.** In an action against a city for injuries alleged to have been caused by a defective sidewalk, evidence *held to* warrant a recovery by plaintiff.

4. ———: ———: **Evidence: Photographs.** Where plaintiff, in an action for personal injuries, alleged to have been caused by a defect in a plank sidewalk, offered evidence to show the particular place of the defect, the admission in evidence of photographs showing the condition of the sidewalk for a distance of eight hundred or one thousand feet, but showing the particular place averred, was proper, as disclosing the local conditions, especially in view of the fact that the instructions required the jury to find that the accident occurred at the place specified.

Diel v. City of Ferguson.

5. INSTRUCTIONS: Refusal: Repetition. The refusal of requested instructions is proper, where, so far as correct, they are covered by instructions already given.

6. ————: ————: Not Supported by Evidence. Requested instructions which are not supported by evidence are properly refused.

7. DAMAGES: Personal Injuries: Remote Consequences: Instructions: Refusal. In an action for personal injuries, the refusal to give an instruction requested by defendant that if the jury found plaintiff was predisposed to illness and neglected to use reasonable care in the treatment of the injury sued for, and that, by reason of such want of care, a certain condition obtained, rendering an operation necessary, then defendant was not responsible for the operation and the consequent suffering and loss, and the verdict should be for defendant, was, under the facts of the case, harmless error, if error at all; especially in view of the fact that the court, in another instruction, correctly charged the jury to consider such injuries only as directly resulted from the accident, thereby necessarily excluding secondary or following causes and their results.

8. MUNICIPAL CORPORATIONS: Injury to Pedestrian from Defective Sidewalk: Instructions. In an action against a city for injuries alleged to have been caused by a defective sidewalk, where the petition described the place of the accident, and photographs introduced in evidence showed the condition of the sidewalk for a distance of about one thousand feet, an instruction given for plaintiff, authorizing a finding for him if the jury found that plaintiff, while "traveling over said boards at a place mentioned in the evidence, and in consequence of a loose and insecure condition of said boards . . . caught or stubbed his foot against one of said boards and was thereby thrown," and another instruction, requiring a finding that plaintiff was "thrown and tripped by the board or plank of the sidewalk mentioned in the evidence" were sufficient as against the objection that they did not require a finding that the accident happened at the place described in the petition; the uncontradicted evidence establishing that the accident happened by reason of the tilting of a certain board, and it being immaterial at which particular place in the stretch of walk such board was located.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman*, Judge.

AFFIRMED.

*Thomas H. Sprinkle* for appellant.

(1)   Verdicts are not required to be in any particular form, but they must be certain, positive and free from ambiguity; show what the jury intended and be responsive to the issues.   Neither should a general verdict contain special findings.   Kenny v. Railroad, 79 Mo. App. 204; Cattell v. Pub. Co., 15 Mo. App. 587; Wiruth v. Lashmett, 85 Neb. 286; Stone v. Taylor, 72 Mo. App. 483; Plymouth v. Yeargam, 87 Mo. App. 561; Railroad v. Chandlers, 70 S. W. 666; Seeds v. Am. Bridge Co., 75 Pac. 480.   (2)   When a verdict shall be found for the plaintiff in an action for the recovery of money only, the jury shall also assess the amount of the recovery.   R. S. Mo. 1909, sec. 1993; Cates v. Nickell, 42 Mo. 169; Royers v. Proyor, 31 Mo. App. 555; Rurghart v. Brown, 60 Mo. 24; Lederer v. Morrow, 132 Mo. App. 438; Kroge v. Brotherhood, 126 Mo. App. 693; Connelley v. Railroad, 120 Mo. App. 652; Jackson v. Kansas City, 106 Mo. App. 52; Wheat v. St. Louis, 179 Mo. 572.   R. S. 1909, sec. 1989; Henderson v. Davis, 74 Mo. App. 1.   (3)   Travelers upon streets must use all reasonable care and caution to avoid danger; they cannot carelessly run into danger, and then make others pay for their negligence.   Heberling v. Warrensburg, 204 Mo. 604; Cohn v. Kansas City, 108 Mo. 393; Gerdes v. Iron Co., 124 Mo. 347; Jennings v. Kansas City, 105 Mo. App. 677; Lerner v. Phildelphia, 221 Pa. 274, 21 L. R. A. (N. S.) 615; Wilson v. Atlanta, 63 Ga. 291; Cook v. Atlanta, 94 Ga. 613; Craig v. Sedalia, 63 Mo. 417; Caffey v. Carthage, 186 Mo. 585; Churchman v. Kansas City, 44 Mo. App. 665; Phelps v. Salisbury, 161 Mo. 1; Ryan v. Kansas City, 154 S. W. 566.   (4)   In an action for personal injury from defective sidewalk, the evidence should be confined to the place of or in the immediate vicinity of the accident, and to its condition at that time, and to no other place or time subsequent to the action.   Bowles v. Kan-

sas City, 51 Mo. App. 416; Goodson v. Des Moines, 66 Iowa 255; Hipsley v. Railroad, 88 Mo. 349; Kinney v. Railroad, 70 Mo. 251; Moody v. Railroad, 68 Mo. 470; Alcorn v. Railroad, 108 Mo. 81; York v. Everton, 121 Mo. App. 640.

*T. F. Harris* and *L. A. Steber* for respondent.

REYNOLDS, P. J.—The petition in this case, after setting out formal matters as to the incorporation of defendant as a city of the fourth class and the location of the sidewalk on which the accident complained of happened, and describing it as a sidewalk on a public street of the city of Ferguson, constructed by laying stringers east and west with planks about 9 feet long laid north and south lengthwise and nailed to the stringers, avers that on the 20th of June, 1909, these stringers were and for a long time before had become decayed and rotten so that they would not hold the nails by which the planks were nailed to them, and that in consequence, many of the planks were loose, others rotten, others misplaced, and the general condition of the walk dangerous and unsafe for public travel; that at a point on it about the center of the walk from the south line of the "Macher Subdivision" to the north line thereof, there is a large oak tree abutting the west line of the walk; that about four or five feet north of this tree there was a hole in the walk and the ends of the planks where they had once been nailed to the stringers were loose and in such a condition as to form a see-saw or to tilt and cause the opposite end of a plank to fly up and that the walk was otherwise dangerous; that this condition of the walk was known to defendant and its officials or might have been known to them by the exercise of ordinary care, etc., for a reasonable length of time to have allowed the city to have remedied the defects, but it negligently and care-

lessly permitted the sidewalk to remain dangerous to the traveling public. That on the 20th of June, about half past 4 o'clock in the afternoon, plaintiff with his son and his son's wife, walking along this sidewalk, reached a point between two named streets and about four or five feet north of the tree mentioned, when the son, who was walking ahead of his wife and father, stepped on the farther end of one of the boards forming the sidewalk and caused the board to tilt up and trip plaintiff, throwing him violently against the tree and upon the sidewalk and greatly injuring him, describing the injuries, and averring that they were painful but while the extent and precise nature of them are unknown to plaintiff, they are permanent. That he has expended $150 for physician's and surgeon's hire, $50 for medicines, $50 for nursing, etc., and will in the future be obliged to expend large sums of money for attention to his injuries so received; that he has lost much time from earning his means of livelihood, and has suffered and will continue to suffer diminution of his earning capacity, to his damage in the sum of $7250, for which he demands judgment.

The answer, after a general denial, avers that by the exercise of ordinary care plaintiff could have discovered the defects in the sidewalk and prevented his injuries but that he was negligent in not discovering and avoiding the danger and that this negligence "directly contributed" to his injuries.

The reply was a general denial.

There was a trial before the court and a jury. The jury returned a verdict in the following form: "We the jury in the above entitled cause do find for the plaintiff, and assess his damages in the sum of three hundred and fifty dollars. One hundred dol for doctor's fee; fifty dol for medison expense, or a total sum of five hunderd dollars." Judgment followed for plaintiff for five hundred dollars and defendant appealed.

Counsel for defendant assigns nine errors. First, that the verdict is against the law; second, it is uncertain and indefinite; third, that the trial court erred in overruling demurrers interposed by defendant at the close of plaintiff's case and at the close of the whole case; fourth, error in admitting incompetent evidence for plaintiff; fifth, error in refusing declarations of law offered by defendant; sixth, error in giving declarations of law offered by plaintiff; seventh, the verdict is excessive; eighth, the judgment is erroneous upon the record; ninth, the verdict is indefinite and uncertain and not responsive to the issues.

The first, second, seventh, eighth and ninth assignments may be considered together as we understand them all to go to the form and amount of the verdict. We see no objection in form to this verdict. The spelling and punctuation cannot be said to be according to accepted rules, but the verdict is intelligible, it being very clear that the jury was awarding plaintiff $100 for his doctor's fee, having claimed $150 in his petition for this, and there being evidence to put its value at $100; $50 is for "medison expense," which is within the amount covered by the petition and supported by evidence; and $350 are for the injuries sustained, plaintiff claiming for this over $6000. The testimony of the extent of the injuries fully warranted this amount. It is clear that the trial court had no trouble whatever in understanding that the jury intended by this verdict to award plaintiff a total of $500, and the court entered up judgment on it accordingly. We have no hesitation in saying that the verdict under the evidence in the case is not excessive.

The third assignment is to the failure of the court to sustain demurrers interposed at the close of plaintiff's case and again at the close of the whole case. We cannot agree to this assignment. There was evidence tending to show that plaintiff, his son and the son's wife had come on the cars to Ferguson and went over

this walk to some picnic grounds. Remaining there during the forepart of the day, they were returning along this walk to take the car, the son walking in advance of the party, his wife following him, and the plaintiff in the rear, all walking on this board walk and within a few feet of each other. The son stepped on the farther end of a board on to which his father, the plaintiff, was about to step. This board was loose, and the son stepping on the far end caused it to tip up at the end toward which plaintiff was walking. No one saw plaintiff fall but when the son and daughter looked back they found him lying unconscious, his head up near the tree but on the board walk, his arm under him. The son testified that he was walking along this board; it gave way under him and went down with him and he felt something hit the other end of the board; turned around and saw his father lying there; could feel the vibration on the board with his foot, so that he knew something had struck the other end of the board. The daughter testified to about the same facts. Plaintiff himself testified that all he knew about it was that as he was walking along the plank walk, following his son and daughter-in-law, behind the latter, he stumbled and fell; does not know what he stumbled against or how it happened. Both the son and his wife located the place at about the tree. There was abundance of testimony to the effect that the city authorities of Ferguson were acquainted with the condition of its sidewalks and that they had been informed sometime before this accident of the defective condition of this very walk. It was in evidence that it was a walk that was used constantly by people passing up and down the street and while in a "rickety" condition was maintained as a public walk and had been so for a number of years. Plaintiff and his party had gone over it in safety that very morning, so there was nothing to suggest it was dangerous to walk over. No cause whatever other than the tilting of the board

and the stumbling on it by plaintiff is in evidence. Hence the jury, under the evidence in the case, were entirely warranted in concluding that the fall of plaintiff occurred through the fact of his stumbling against this particular board which had tilted up when his son stepped on the far end of it. With this evidence before the jury, the demurrers were properly overruled.

The incompetent testimony or evidence complained of seems to be mainly three photographs, introduced in evidence by plaintiff. These photographs are before us. They cover quite a stretch of this sidewalk, said to be 800 or 1000 feet. The tree referred to is clearly shown. As we understand learned counsel for defendant, his complaint is that in showing 1000 or so feet, including much more than the *locus in quo,* defendant was injuriously affected. As we understand the argument, it is that this whole stretch showed a bad sidewalk for a long distance. Counsel contend that the only thing the jury had a right to consider was the particular point at which the accident was said to have occurred. That is true. But we do not understand that these photographs were used in evidence for more than that. We cannot appreciate the force of the objection. If photographs had not been taken, any witness familiar with the locality and attempting to describe the place of the accident, would not easily have been confined to a description of the one particular plank or the one spot at which the accident is said to have occurred. Hardly any one could give an intelligent account of the situation without in a measure covering by his testimony more ground than that covered by the plank. He would be asked generally to describe the local conditions. We can see no possible chance of misleading the jury by the introduction of these photographs. There was no pretense that they were not accurate representations; in point of fact the complaint seems to be that they were too accurate. We see no error in the introduction of these

photographs, particularly as the instructions charged the jury to find that the accident occurred at the place specified. Here we are met by counsel for defendant with the proposition that the testimony was conflicting as to the precise point at which the accident occurred and with the claim that no one had located it exactly in the position with reference to the tree referred to both in the petition and the evidence. We do not think that there is any merit in this contention. No two men will agree, assuming that they are fair and uncoached witnesses, on the identical location of anything. The very fact of diversity is often the most convincing when the divergence of the testimony all tends to lead to a common center or point as we think the evidence in this case did. At all events, the jury had testimony as to the location of the fall and their verdict has settled that.

The instructions which counsel for defendant claims should have been given at its instance are numbered 7, 8, 9 and 10. By the 7th the court was asked to instruct the jury that although they might believe that the planks in the sidewalk were loose, yet if they further believed that the sidewalk in question was at the time of the alleged injury in a reasonably safe condition for travel in the ordinary modes upon the sidewalk, the jury should find for defendant. The 8th was to the effect that plaintiff alleged that his fall was caused by catching his foot against the end of a loose plank in the sidewalk, and if the jury found from the evidence that his fall was not so caused but that he slipped and fell on the sidewalk, plaintiff could not recover. By the 9th, the jury were to be instructed that if they found from the evidence that plaintiff was predisposed to illness or other disease and that he neglected or failed to use reasonable care in the treatment of the injury it is alleged that he received by the fall, and that by reason of such want of care on his part, an abscess formed in his chest which rendered an op-

eration necessary, defendant is not responsible for the operation and consequent suffering, pain or loss and the verdict should be for defendant. By the 10th the court was requested to instruct the jury that if they believed from the evidence that plaintiff knew of the defect in the sidewalk and having knowledge of it returned over the same sidewalk knowing it to be defective when the dangerous place could easily have been avoided by passing around it or going on the other side of the street, then plaintiff was wanting in due care and if the jury believed from the evidence that defendant failed to exercise ordinary care in not keeping the sidewalk in repair where the alleged injury is said to have happened and but for such negligence the alleged injury would not have occurred, yet plaintiff cannot recover if he was aware of the condition of the sidewalk and failed to use ordinary care to avoid the accident that caused the alleged injury and their verdict should be for defendant.

We think these instructions were properly refused for the reason that as far as they were correct they were covered by the instructions given for plaintiff and defendant, or not supported by any evidence. For instance, the first instruction given at the instance of defendant told the jury that defendant is not an insurer against accidents upon its sidewalks nor is any defect therein, though it may cause injury, actionable; that it is sufficient if the sidewalks are kept in a reasonably safe condition for travel thereon by ordinary modes. The second told the jury that defendant is only liable for such defects in the sidewalks as are in themselves injurious or such that a person exercising reasonable care and caution could not avoid danger in passing over and if the jury believed that this sidewalk was not in itself dangerous to the safety of persons passing over it with reasonable care and caution and that the result of plaintiff's injury was that of mere accident without negligence of defendant or that

it resulted from the want of reasonable care and caution on the part of plaintiff, then they should find for defendant. The jury were further instructed at the instance of defendant that in determining the question of negligence or carelessness on the part of plaintiff, they should take into consideration all the facts and circumstances in question, including the condition of the sidewalk at the place where the injury is alleged to have occurred, and the knowledge of plaintiff of the same, "and if, from all the facts and circumstances of the case, they believe that negligence, or the want of ordinary care and prudence on the part of plaintiff, directly contributed to the accident which caused the injury stated, they should find for the defendant."

The fourth instruction given at the instance of defendant told the jury that for plaintiff to recover any sum he must establish defendant's liability by the preponderance of evidence, that is to say by the great weight of all the credible evidence in the case.

Defendant's fifth instruction told the jury that even if they found that the city suffered one or more of the boards in question to remain loose or detached from the stringers and plaintiff caught his foot against one end of the boards and was thereby thrown on the walk, if the jury further believed from the evidence that plaintiff knew of the condition of the sidewalk before he fell by having passed over it that morning and that so knowing the condition of it and while walking upon and over it plaintiff was not using reasonable care, that is such care as a person of ordinary prudence would use under like circumstances and with the same knowledge and that he caught his foot while so walking and was thrown down and injured, he could not recover in this action. Its sixth told the jury that in determining the question of negligence or carelessness on the part of the city of Ferguson, they were to take into consideration all the facts and circumstances where the alleged injury occurred and further that the

accident happened in the day time and that plaintiff had knowledge of the alleged defect in the walk and that plaintiff, in walking, was walking behind his daughter-in-law and that the walk was not crowded by pedestrians, and if the jury believed from these circumstances that negligence or the want of ordinary care or prudence on the part of plaintiff contributed to the accident, they should find for defendant.

Certainly these instructions were as favorable as defendant had a right to ask and giving them placed the case in the strongest possible light for defendant. There was no evidence to sustain the fifth instruction which was asked.

The refusal of the ninth instruction, which was asked, was not error under the facts in evidence in the case, and the amount of the verdict shows that the jury did not believe that the fall resulted in the formation or had any connection with an abscess subsequently formed. Furthermore, in the second instruction which the court gave at the instance of plaintiff, covering the question of the amount of damage, the court very distinctly limited it to such an amount as would compensate plaintiff ''for all pain of body and mind which he has suffered or hereafter may suffer as the direct result of being thrown and tripped by the board or plank of the sidewalk mentioned in the evidence;'' and ''if the jury believe from the evidence that, as the direct result of being thrown and tripped by such board, or plank, the ability of plaintiff to work or labor has been diminished, they may consider such fact, as well as the character of the injury received.'' So that by this instruction the jury were clearly and directly confined in their estimate of damages, if they awarded any, to the damage suffered or caused and following as ''the direct result of being thrown and tripped by the board or plank'' and ''as the direct result of being thrown and tripped by such board or plank,'' in that instruction the court thus repeating the caution

that the jury were only to consider injuries directly resulting from the accident, necessarily excluding secondary or following causes and their results. We think under all the facts in the case the refusal of the 9th instruction was harmless error, if error at all.

The particular instructions given at the instance of plaintiff on which errors are assigned, are the first and second. The error assigned as to each of these instructions is that after preliminary matter, the court told the jury that if they further believed that while plaintiff was "so traveling over said boards at a place mentioned in the evidence, and in consequence of a loose and insecure condition of said boards (if such be the fact), plaintiff caught or stubbed his foot against one of said boards and was thereby thrown on said walk, causing him personal injuries, then and in such event, your verdict must be for the plaintiff." It is argued against this paragraph of this instruction, that there was evidence introduced showing the entire sidewalk for a thousand feet exhibited in the photographs which were introduced over the objection of defendant, and that the accident is alleged to have occurred at a point four or five feet north of a particular tree. It is claimed that nothing in the instruction is said or charged as to the accident happening or that plaintiff stubbed his foot, except at the place mentioned in the evidence, and that the same reasoning can be applied to the second instruction, in which just as indefinite language is used, referring to the accident, namely, that plaintiff was "thrown and tripped by the board or plank of the sidewalk mentioned in the evidence," and it is said that the sidewalk was between two streets named, a distance of 800 or 1000 feet, while the petition plainly alleges that the accident happened at a particular point. This objection is untenable. There was evidence and no contradictory evidence that the accident had happened by reason of the tilting of this board and at what particular place in the stretch of

1000 feet this board may have been actually located is absolutely immaterial.

We have examined the authorities presented for our consideration in the very elaborate and learned brief of counsel for defendant and without taking them up in detail or indulging in any discussion of them, we refer to what has been said by this court in the case of Howard v. City of New Madrid, 148 Mo. App. 57, 127 S. W. 630. There the law governing the liability of municipal corporations of this class is so fully expounded by Judge GOODE, speaking for this court, that we consider it unnecessary to take it up again. In our opinion the law as there announced was followed at the trial of this case, both in the giving and refusing of instructions, as well as in the rulings at the trial, by the learned trial court. Our conclusion upon the whole case is that there is no reversible error and that the judgment of the circuit court should be and it is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.